```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


EDSON VICENTE,                          )
                                        )
                  Plaintiff,            )
                                        )       CIVIL ACTION NO.
v.                                      )       11-11767-DPW
                                        )
FCDB SNPWL TRUST, SUTTON FUNDING, LLC,  )
BARCLAYS BANK PLC, FCDB 8020 REO, LLC,  )
MORTGAGE ELECTRONIC REGISTRATION        )
SYSTEMS, INC, and EQUIFIRST             )
CORPORATION                             )
                                        )
                  Defendants.           )
```

MEMORANDUM AND ORDER
February 13, 2012

Plaintiff, Edson Vicente, brought this action against FCDB SNPWL Trust ("the Trust"); Sutton Funding, LLC ("Sutton"); Barclays Bank PLC; FCDB 8020 REO LLC ("the REO"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Equifirst Corporation, alleging various statutory and common law violations. Vicente claims that he was fraudulently induced into an unfair loan, refused a loan modification, and then threatened with wrongful foreclosure. Defendants MERS and the Trust[1] have moved for summary judgment.

A movant is entitled to summary judgment when "the movant shows that there is no genuine dispute as to any material fact

---

[1] The other Defendants have not appeared in the case and no returns of service have been filed. In any event, the bases of the motion for summary judgment apply to all Defendants, and so I address summary judgment as to all Defendants.

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party," and "[a] fact is material if it has the potential of determining the outcome of the litigation." *Farmers Ins. Exch. v. RNK, Inc.*, 632 F.3d 777, 782 (1st Cir. 2011) (quoting *Rodríguez-Rivera v. Federico Trilla Reg'l Hosp.*, 532 F.3d 28, 30 (1st Cir. 2008)). In evaluating a motion for summary judgment, a court "must construe the record in the light most favorable to the nonmovant and resolv[e] all reasonable inferences in that party's favor while safely ignoring conclusory allegations, improbable inferences, and unsupported speculation." *Collins v. University of New Hampshire*, 664 F.3d 8, 14 (1st Cir. 2011).

Count I of the Complaint alleges that the Trust's attempts to foreclose are wrongful because it is not the mortgagee. Defendants have provided copies of a chain of assignments stretching from the originator to the Trust. Plaintiff alleges that something may be wrong with that chain of assignment, namely that the assignment to the Trust may be void due to a problem earlier in the chain of assignment. However, Plaintiff fails to offer the facts necessary to demonstrate such a break in the chain of assignment. Plaintiff also asserts that the mortgage was assigned to FRT 2011-1 Trust on October 31, 2011. However,

2

Plaintiff does not explain how a subsequent assignment would create a material issue of fact regarding whether the Trust attempted to foreclose wrongfully before that assignment.

Count II alleges that the Trust breached its duty of good faith and reasonable diligence by failing to consider Plaintiff for a loan modification. Plaintiff does not point to any provision in the mortgage contract that guarantees him such consideration. "The purpose of the implied covenant is to ensure that neither party interferes with the ability of the other to enjoy the fruits of the contract." *FAMM Steel, Inc. v. Sovereign Bank*, 571 F.3d 93, 100 (1st Cir. 2009) (internal citation omitted). Plaintiff neither explains how the refusal to consider him for a loan modification interferes with his ability to enjoy the fruits of the contract nor cites any case law to that effect.

Counts III, IV, and V allege violations of G.L. c. 93A, 940 C.M.R. 8.06(1), and 940 C.M.R. 8.06(15) based on the origination of the loan. Judgment for Defendants is warranted on these Counts to the extent that they are made pursuant to the cited regulations because 940 C.M.R. 8.06(1) and (15) create no private right of action. *See In re Fernandes*, 446 B.R. 6, 9 (Bankr. D. Mass 2011) (holding that there is no private right of action under either regulation); *In re Mae*, 460 B.R. 1, 2-3 (Bankr. D. Mass. 2011) (holding that there is no private right of action under 940 C.M.R. 8.06(15)). Judgment for Defendants is also

warranted on these Counts to the extent that they are made pursuant to G.L. c. 93A because over four years have passed since the loan was originated, and the statute of limitations has run. *See* G.L. c. 260, § 5A (establishing that the statute of limitations under G.L. c. 93A is four years).

Count VI alleges that Defendants have been unjustly enriched by Plaintiff due to numerous unwarranted payments. Neither the Complaint nor Plaintiff's opposition to the Defendants' motion for summary judgment explains which alleged facts support this Count and what rendered the payments "unwarranted." It appears, however, that the payments might be labeled "unwarranted" because of Plaintiff's allegations regarding the Trust's questionable status as mortgagee. However, as I discussed *supra*, Plaintiff has not raised facts sufficient to create a genuine dispute about the Trust's status as mortgagee. Moreover, the Complaint makes no allegations about the transfers of the note, and payments are made to the noteholder, not the mortgagee.

Count VII alleges that Equifirst fraudulently induced Plaintiff to enter into the loan based on misrepresentations it made regarding his ability to afford and refinance the loan. However, over three years have passed since the loan was originated, and the statute of limitations for fraud has run. *See* G.L. c. 260, § 2A (establishing that the statute of limitations for tort actions is three years).

4

Count VIII alleges that Defendants have acted negligently by refusing to consider a loan modification, and Count IX alleges that Defendants have negligently failed to provide Plaintiff with a loan modification, causing him great emotional distress. However, Plaintiff fails to allege the basis for a duty to provide a loan modification. While Plaintiff states in his Complaint that Defendants' duty to act in good faith and with reasonable diligence "includes seeking reasonable alternatives to foreclosure," Plaintiff fails to support these claims with any case law in his brief. Plaintiff has not established that Defendant had a duty to provide a loan modification, and therefore fails to allege grounds for a claim of either negligence or negligent infliction of emotional distress.

As a general matter, Plaintiff contends that the case is not ripe for a motion for summary judgment because no discovery has been conducted. To receive the benefit of Rule 56(e), the "movant must (1) articulate a plausible basis for the belief that discoverable materials exist which would raise a trial worthy issue, and (2) demonstrate good cause for failure to have conducted the discovery earlier." *Fennell v. First Step Designs, Ltd.*, 83 F.3d 526, 531 (1st Cir. 1996). Plaintiff does not articulate an argument to satisfy either of these requirements; a bare statement that discovery has not been conducted is insufficient. Thus, Plaintiff neither demonstrates sufficient

5

evidence to show a genuine dispute as to material facts nor alleges sufficient basis for his failure to do so.

For these reasons, I GRANT summary judgment to Defendants (Dkt. No. 9).

                                          ***/s/ Douglas P. Woodlock***
                                          DOUGLAS P. WOODLOCK
                                          UNITED STATES DISTRICT JUDGE